Cohk, J.
(dissenting). The order of the Trial Term, which set aside a verdict of a jury in favor of defendant in a negligence action, was based solely upon the ground of alleged prejudicial conduct by defendant’s trial counsel.
This was the second time this case had been tried. Upon the first trial Honorable Samuel Null, a highly respected Justice of the Supreme Court, set aside a verdict of the jury in favor of plaintiff for the reason that there was ‘1 perjury and fraud here without question. That perjury and that fraud is borne out by the cold printed record. ’ ’ From that order no appeal was taken. Upon this trial a jury, after having heard all of the testimony and being deprived of evidence which the majority of this court now says was improperly ruled out, rendered a unanimous verdict in favor of defendant. In my opinion that verdict was fully warranted by all the evidence. Indeed, when plaintiff moved to set aside the verdict, the trial judge stated: “ I feel from the evidence that was adduced the jury had the perfect right to bring in the verdict that they did.”
The assistant corporation counsel who tried this case for the City of New York, doubtless through an excess of zeal, made remarks in his summation and during the course of the trial which were ill-advised and improper. In each instance, when *359 objection was made to the improprieties, the court instructed the jury to disregard them. It is, of course, presumed that the jury followed the court’s instructions in that regard. Plaintiff’s counsel at no time moved for a mistrial as was his absolute right. An experienced attorney, he apparently felt that the court’s admonitions sufficiently corrected any prejudice that might have been created and he was perfectly willing to let the jury pass upon the issues. The court, in the circumstances, was not warranted in granting a new trial upon the ground set forth. Accordingly, I dissent and vote to reinstate the verdict of the jury.
Peck, P. J., Glennon, Callahan and Shientag, JJ., concur in Per Curiam opinion; Cohn, J., dissents and votes to reinstate the verdict of the jury, in opinion.
Order affirmed, with costs to the respondent.